UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY | ) ) ) | |
| Plaintiff | ) ) ) | |
| vs. | ) ) | Cause No.: |
| JOSHUA BOYER<br>Serve:<br>1003 CLIFF DRIVE<br>FESTUS, MISSOURI 63028 | ) ) ) ) ) ) | **JURY TRIAL DEMANDED** |
| RHONDA PAYNE<br>Serve:<br>   9244 CHURCH DRIVE<br>   PEVELY, MISSOURI 63070 | ) ) ) ) ) | |
| B.P., A MINOR, BY AND THROUGH HIS NATURAL MOTHER AND NEXT FRIEND, RHONDA PAYNE<br>Serve:<br>   9244 CHURCH DRIVE<br>   PEVELY, MISSOURI 63070 | ) ) ) ) ) ) ) | |
| D.N., A MINOR, BY AND THROUGH HIS NATURAL MOTHER AND NEXT FRIEND, RHONDA PAYNE<br>Serve:<br>   9244 CHURCH DRIVE<br>   PEVELY, MISSOURI 63070 | ) ) ) ) ) ) ) ) | |
| Defendants. | | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

COMES NOW, State Farm Fire and Casualty Company ("State Farm"), by and through its undersigned counsel, and for its Complaint for Declaratory Judgment, states as follows:

1. State Farm brings this action seeking the interpretation of a homeowners insurance policy, and a declaration of its rights and obligations thereunder, with respect to claims asserted against its insured(s) and/or alleged insureds Defendant Joshua Boyer and Defendant Rhonda Payne (formerly Rhonda Boyer) involving allegations of bodily injury sustained by Defendant B.P. and Defendant D.N., both minors, while they were in the care and custody of Defendants Boyer and Payne between the time period of December 1, 2016 and March 20, 2017.

## PARTIES, JURISDICTION AND VENUE

2. Plaintiff State Farm is and was at all times mentioned herein a corporation incorporated under the laws of the State of Illinois with its principal place of business in the State of Illinois, and therefore a citizen of the State of Illinois, engaged in the business of insurance, and licensed to transact that business in the State of Missouri.

3. Upon information and belief, Defendant Joshua Boyer is an individual domiciled in the State of Missouri, and is therefore a citizen of Missouri.

4. Upon information and belief, Defendant Rhonda Payne (formerly Rhonda Boyer) is an individual domiciled in the State of Missouri, and is therefore a citizen of Missouri.

**5.** Upon information and belief, Defendant B.P., a minor individual, resides and is domiciled with his natural mother, Defendant Rhonda Payne, in the State of Missouri, and is therefore a citizen of Missouri.

6. Upon information and belief, Defendant D.N., a minor individual, resides and is domiciled with his natural mother, Defendant Rhonda Payne, in the State of Missouri, and is therefore a citizen of Missouri.

7. This case and controversy involves citizens of different states.

8. The insurance policy at issue in this matter has liability limits of $300,000.00.

9. Based on the allegations in the Underlying Claim (but without making any admission as to the merits thereof), the amount in controversy exceeds $75,000 exclusive of interest and costs.

10. The United States District Court has jurisdiction in this matter pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs, and because complete diversity of citizenship exists between Plaintiff and Defendants.

11. Venue is proper in the United States District Court for the Eastern District of Missouri pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2) because all Defendants reside in the Eastern District of Missouri, and because a substantial part of the events or omissions giving rise to the claim occurred within the Eastern District of Missouri.

12. This Court "may declare the rights and other legal relations of any interested parties seeking such declaration" pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201(a) with respect to the policy of insurance issued by State Farm and all above referenced parties are interested parties with respect to the determination of rights pursuant to the insurance policy issued by State Farm.

**GENERAL ALLEGATIONS**

13. State Farm brings this action seeking the interpretation of an insurance policy, described below, and a declaration of its rights and obligations thereunder.

14. An actual justiciable controversy exists between State Farm and Defendants, and litigation as to this controversy is imminent and inevitable. The resolution of the matters raised in this declaratory judgment action will dispose of the issues and disputes between the parties.

15. All necessary and proper parties are before the Court for the matters in controversy.

16. State Farm has no other adequate remedy at law.

## Factual Allegations of Underlying Claims

17. Upon information and belief, in October 2014, Defendants Payne, B.P. and D.N. moved into the residence owned by Defendant Boyer located at 3 Tensleep Circle, Festus, Missouri 63028 ("Residence").

18. Upon information and belief, in August 2015, Defendant Boyer married Defendant Payne. A petition for dissolution of the marriage was filed on April 7, 2017, and the marriage was not dissolved until June 2019.

19. On or about February 12, 2017, Defendant Boyer moved out of the Residence, while Defendants Payne, B.P., and D.N. continued to live in the Residence.

20. In May 2017, Defendants Payne, B.P. and D.N. moved out of the Residence.

21. During the time period that all Defendants lived within the Residence, Defendant Boyer and Defendant Payne exercised care, custody, and control over Defendants B.P. and D.N.

22. On September 24, 2019, State Farm was sent correspondence from counsel representing himself as an attorney for Richard Payne on behalf of Defendants B.P. and D.N. "for serious personal injuries they sustained at the home of your insureds, Joshua Boyer and Rhonda Boyer, located at 10 Tensleep Circle, Festus, Missouri." *See* September 24, 2019 Correspondence, attached hereto as **Exhibit B**, and incorporated by reference herein.

23. The September 24, 2019 correspondence also alleged that "[d]uring the time period of December 1, 2016 and March 20, 2017, Mr. Boyer negligently injured minor children. Mrs. Boyer was also negligent in failing to supervise the children." *Id*.

24. On April 22, 2021, the same counsel sent additional correspondence to State Farm alleging that, as a result of the conduct of Defendant Boyer and Defendant Payne, Defendants B.P

and D.N. sustained injury and underwent significant medical treatment. *See* April 22, 2021 Correspondence, attached hereto as **Exhibit C,** and incorporated by reference herein.

25. Upon information and belief, Defendant Boyer is alleged to have subjected B.P. and D.N. to physical, sexual, and psychological abuse, negligently and intentionally causing serious injuries to both minor children between the time period of December 1, 2016 and March 20, 2017, in his home located at 3 Tensleep Circle, Festus, Missouri 63028.

26. Further, upon information and belief, Defendant Payne is alleged to have negligently supervised Defendants B.P and D.N., resulting in serious injuries to the minor children between the time period of December 1, 2016 and March 20, 2017, in the home of Defendant Boyer, located at 3 Tensleep Circle, Festus, Missouri 63028.

27. Both Defendant Boyer and Defendant Payne have sought a defense of such claims and indemnification for same from State Farm under the Policy.

**The Insurance Policy**

28. State Farm issued a Homeowners Policy of insurance, Policy Number 25-KP-6556-2 ("Policy") for the Policy Period September 10, 2016 through September 10, 2017. A certified copy of the Policy is attached hereto as **Exhibit A,** and incorporated by reference herein.

29. The Policy lists only Defendant Boyer as the Named Insured and his address as 3 Tensleep Circle, Festus, MO 63028-6216.

30. The Policy contains the following relevant provisions:

*** 

**DEFINITIONS**

"You" and "your" mean the "named insured" shown in the **Declarations**. Your spouse is included if a resident of your household…
…

1. "**bodily injury**" means physical injury, sickness, or disease to a person. This includes required care, loss of services, and death resulting therefrom.

   **Bodily injury** does not include:

   …

   c. emotional distress, mental anguish, humiliation, mental distress, mental injury, or any similar injury unless it arises out of actual physical injury to some person.

   …

4. "**insured**" means you and, if residents of your household:
   a. your relatives; and
   b. any other person under the age of 21 who is in the care of a person described above.

5. "**insured location**" means:
   a. the **residence premises**

   …

10. "**residence premises**" means:
    a. the one, two, three or four-family dwelling, other structures and grounds; or
    b. that part of any building;

    where you reside and which is shown in the **Declarations**.

***

## SECTION II – LIABILITY COVERAGES

**COVERAGE L – PERSONAL LIABILITY**

If a claim is made or a suit is brought against an **insured** for damages because of **bodily injury** or **property damage** to which this coverage applies, caused by an **occurrence**, we will:

1. pay up to our limit of liability for the damages for which the **insured** is legally liable, and

2. provide a defense at our expense by counsel of our choice. We may make any investigation and settle any claim or suit that we deicide is appropriate. Our obligation to defendant any claim or suit ends when the amount we pay for damages, to effect settlement, or satisfy a judgment resulting from the **occurrence**, equals our limit of liability.

**COVERAGE M – MEDICAL PAYMENTS TO OTHERS**

We will pay the necessary medical expenses incurred or medically ascertained within three years from the date of an accident causing **bodily injury**. Medical expenses means reasonable charges for medical, surgical, x-ray, dental ambulance, hospital, professional nursing, prosthetic devices and funeral services. This coverage applies only:

1. to a person on the **insured location** with the permission of the **insured**;

2. to a person off the **insured location**, if the **bodily injury**:
   …
   b. is caused by the activities of an **insured**.

\*\*\*

**SECTION II – EXCLUSIONS**

1. Coverage L and Coverage M do not apply to:

   a. **bodily injury** or **property damage**:

      (1) which is either expected or intended by the **insured**; or

      (2) which is the result of willful malicious acts of the **insured**.

   …
   h. **bodily injury** to you or any **insured** within the meaning of part a. or part b. of the definition of **insured**.

   This exclusion also applies to any claim or suit brought against you or any **insured** to share damages with or repay someone else who may be obligated to pay damages because of the **bodily injury** sustained by you or any **insured** within the meaning of part a. or b. of the definition of **insured**;

\*\*\*

**SECTION I AND SECTION II – CONDITIONS**

1. **Policy Period**. This policy applies only to loss under Section I or **bodily injury** or **property damage** under Section II which occurs during the period this policy is in effect.

\*\*\*\*\*

7

## FE-3479.1 HOMEOWNERS POLICY ENDORSEMENT (Missouri)

***

**DEFINITIONS**

Definitions 6. and 7. are replaced by the following:

…

7. "**occurrence**", when used in Section II of this policy means an accident, including exposure to conditions which first results in:

    a. **bodily injury**; or

    b. **property damage;**

    during the policy period. All **bodily injury** and **property damage** resulting from one accident, series of related accidents, or from continuous and repeated exposure to the same general conditions is considered to be one **occurrence**.

***

## SECTION II – CONDITIONS

Item 1., **Limit of Liability**, is replaced by the following:

1. **Limit of Liability**. The Coverage L limit is shown in the **Declarations**. This is the limit for all damages from each **occurrence** for the policy period in which the **bodily injury** or **property damage** first occurs, regardless of the number of **insureds**, claims made or persons injured. No additional limits or coverage will be available for the **occurrence** under any additional policy while this policy remains in force.

*****

## GROUNDS FOR DECLARATORY JUDGMENT

31.   No coverage exists under the Policy for any of the allegations contained in the Underlying Claims.

32.   For coverage to exist under the Policy's Coverage L - Personal Liability provisions, any claimed bodily injury must be caused by an "occurrence."

33.   "Occurrence" is defined as "…an accident, including exposure to conditions, which first results in…bodily injury…during the policy period."

8

34. The Policy further provides that "[a]ll 'bodily injury' resulting from one accident, series of related accidents or from continuous and repeated exposure to the same general conditions is considered to be one 'occurrence.'"

35. Similarly, for coverage to exist under the Policy's Coverage M – Medical Payments to Others, any "bodily injury" claimed must be caused by an "accident."

36. The Underlying Claims do not allege any "occurrence" or accidental conduct on the part of Defendant Boyer that caused "bodily injury" during the policy period.

37. The Underlying Claims do not allege any "occurrence" or accidental conduct on the part of Defendant Payne that caused "bodily injury" during the policy period.

38. To the extent any "occurrence" or accidental conduct first resulted in "bodily injury" to Defendants B.P. and D.N. prior to effective policy period, the Policy does not provide coverage for such claims.

39. Even if the Underlying Claims did allege an "occurrence" under the Policy, the Policy excludes coverage for "bodily injury" which is expected or intended by the insured or is the result of willful and malicious acts of the insured ("Expected/Intended Exclusion").

40. The Underlying Claims contain only allegations of intentional conduct on the part of Defendant Boyer. This conduct falls under the Policy's exclusion for expected, intended, willful and malicious injury.

41. The Policy's Section II Exclusion, 1.h. also excludes coverage for "'bodily injury' to…any 'insured' within the meaning of part a. or b. of the definition of 'insured'" ("Fellow Insured Exclusion").

9

42. Part a. and Part b. of the Policy define "insured" to include "a. your relatives; and b. any other person under the age of 21 who is in the care of a person described above," if they are residents of Defendant Boyer's household.

43. Defendant B.P., Defendant D.N., and Defendant Payne were relatives of Defendant Boyer during the time that Defendant Boyer and Defendant Payne were married.

44. At all times relevant to the Underlying Claims, Defendant B.P. and Defendant D.N. were under the age of 21 and were in the care of Defendant Boyer and/or Defendant Payne.

45. Further, from October 2014 until on or about February 12, 2017, Defendant B.P., Defendant D.N., and Defendant Payne were residents of Defendant Boyer's household.

46. Accordingly, at all times relevant to the Underlying Claims, Defendant B.P. and Defendant D.N. were "insureds" as defined by the Policy, and their claims are barred by the Fellow Insured Exclusion of the Policy.

47. The Policy provides coverage for claims brought against an "insured" for damages because of "bodily injury."

48. The Policy defines "insured" to mean "you," the Named Insured, and, if they are a resident of your household, your spouse and "your relatives."

49. Defendant Payne was married to Defendant Boyer and a resident of his household from August 2015 until on or about February 12, 2017.

50. Accordingly, Defendant Payne ceased qualifying as an insured as of February 12, 2017, and the Policy does not provide any coverage for claims asserted against her after this date.

WHEREFORE, Plaintiff State Farm Fire and Casualty Company prays that this Court declare the rights of the parties under the aforementioned Policy of insurance and enter judgment finding and declaring:

a.    That the provisions of the Policy provide no coverage whatsoever for the Underlying Claims;

b.    That State Farm has no duty to defend Defendant Joshua Boyer or Defendant Rhonda Payne in any legal proceedings related to the Underlying Claims;

c.    That State Farm has no duty to indemnify Defendant Joshua Boyer or Defendant Rhonda Payne for any portion of any expense or liability either has incurred or may incur in any legal proceeding related to the Underlying or any future settlement, judgment, or civil penalties that may be entered against Defendant Joshua Boyer or Defendant Rhonda Payne in any other action arising out of the conduct described in the Underlying Claims;

d.    That State Farm is entitled to its costs, including attorney fees; and

e.    That State Farm is entitled to any such further relief this Court deems just and proper under the circumstances.

Respectfully submitted,

**KNIGHT NICASTRO MACKAY**

*/s/ Patrick A. Bousquet*
Patrick A. Bousquet,   #57729MO
Kathleen A. McCarthy,   #69218MO
319 N. 4th Street, Suite 300
St. Louis, MO 63102
Telephone: (314) 549-8805
Facsimile: (816) 396-6233
bousquet@knightnicastro.com
mccarthy@knightnicastro.com
**ATTORNEYS FOR PLAINTIFF**