UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )   Case No. 4:22-CV-00387-JAR<br>) |
| JOSHUA BOYER, et al., | )<br>) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants D.N. and B.P.'s (collectively, the "Minors") Motion to Dismiss or Stay. (Doc. 19). Plaintiff State Farm Fire and Casualty Company ("State Farm") filed a response on June 24, 2022. (Doc. 21). The deadline for the Minors to reply has passed without any filing. For the reasons discussed below, the motion will be denied.

**I.   BACKGROUND**

The Minors resided in Festus, Missouri with Defendants Joshua Boyer ("Mr. Boyer") and Rhonda Payne ("Mrs. Payne")[1] from October 2014 through early 2017.[2] For the policy period September 10, 2016 through September 10, 2017, State Farm issued Mr. Boyer a homeowners insurance policy for this residence (the "Policy"). On September 24, 2019, Richard Payne ("Mr. Payne"), grandfather of the Minors, sent State Farm correspondence via counsel alleging "serious personal injuries [Minors] sustained at the home of your insureds, [Mr. Boyer and Mrs. Payne]."

---

[1] Mrs. Payne married Mr. Boyer in August 2015, but the marriage was dissolved in June 2019. (Doc. 1 at ¶ 18). It appears that Mrs. Payne now goes by Rhonda Pingleton. (Doc. 21 at 3 n.3). In the interest of clarity, the Court will refer to her as Mrs. Payne.

[2] Unless otherwise noted, all facts in this section are taken from the Complaint (Doc. 1) and accepted as true for purposes of this Motion to Dismiss. *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001).

1

(Doc. 1-2). The letter further alleges that "[d]uring the period of December 1, 2016 and March 20, 2017, Mr. Boyer negligently injured the minor children. Mrs. [Payne] was also negligent in failing to supervise the children." (*Id.*). It appears that Mr. Boyer subjected the Minors to physical, sexual, and psychological abuse at the residence covered by the Policy. Mr. Boyer ultimately plead guilty to three counts of Second-Degree Domestic Assault for knowingly causing injuries to the Minors and Mrs. Payne. (Doc. 21 at 3). *See State v. Joshua Boyer*, Case No. 17 JE-CR00670-01 (Mo. Cir. Ct. 2018).

On April 4, 2022, State Farm filed suit in this Court seeking a declaratory judgment that the Policy provides no coverage for the Minors' claims against Mr. Boyer and Mrs. Payne, and that State Farm has no duty to defend or indemnify Mr. Boyer and Mrs. Payne in any legal proceeding concerning such claims. (Doc. 1).[3] On May 6, 2022, Mr. Payne filed an action in Missouri state court on behalf of the Minors raising tort claims against Mr. Boyer and Mrs. Payne. (Doc. 21 at 3). *B.P. and D.N., by and through their grandfather and next friend, Richard Payne v. Joshua Boyer and Rhonda Pingleton*, Case No. 22JE-CC00397 (Mo. Cir. Ct. 2022) (hereinafter the "Related Action"). Mr. Payne now seeks to dismiss or stay this action on the grounds that the controversy will be addressed by the Related Action.

**II.      ANALYSIS**

*Wilton / Brillhart* Abstention Doctrine

This motion requires the Court to apply the *Wilton / Brillhart* abstention doctrine. Federal courts typically have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) (citations

---

[3] Mr. Boyer and Mrs. Payne were served with this action on April 15, 2022 and April 22, 2022 respectively. (Docs. 6, 8). Neither filed a timely response to State Farm's Complaint, and a Clerk's Entry of Default Judgment has accordingly been entered against both parties. (Doc. 18).

omitted). Under *Colorado River*, a federal court should only abdicate its obligation to decide cases within its jurisdiction in "exceptional circumstances." *Id.* at 813. But federal courts have more discretion to abstain when a party seeks relief under the Declaratory Judgment Act, 28 U.S.C. § 2201, as State Farm does here. *See Royal Indem. Co. v. Apex Oil Co.*, 511 F.3d 788, 792 (8th Cir. 2008) (noting *Colorado River* test does not apply to actions under the Declaratory Judgment Act); *Travelers Indem. Co. v. Sarchett*, No. 4:12-CV-1182 (CEJ), 2012 WL 6738498, at *1 (E.D. Mo. Dec. 31, 2012).

The Supreme Court has described the Declaratory Judgment Act as an "enabling Act, which confers discretion on the courts rather than an absolute right upon the litigant." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995) (citation omitted); *see* 28 U.S.C. § 2201(a) (emphasis added) ("[federal courts] *may* declare the rights and legal obligations of any interested party seeking such a declaration"). In *Wilton*, the Supreme Court adopted a discretionary standard in Declaratory Judgment Act cases originally established in *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491 (1942). Under this standard, where there are "parallel state court proceedings," the district court "must consider the scope and nature of the pending state court proceeding to ascertain whether the issues in controversy between the parties to the federal action, not foreclosed under applicable substantive law, can be better settled by the state court." *Capitol Indem. Corp. v. Haverfield*, 218 F.3d 872, 874 (8th Cir. 2000); *see also Brillhart*, 316 U.S. at 495 ("It would be uneconomical for a federal court to proceed in a declaratory judgment suit where another suit is pending in state court presenting the same issues, not governed by federal law, between the same parties.")

The Eighth Circuit's application of the *Wilton / Brillhart* standard requires the Court to apply a two-step process in this case. First, this Court must determine whether the Related Action

3

constitutes a parallel state court proceeding. "Suits are parallel if substantially the same parties litigate substantially the same issues in different forums." *Continental Cas. Co. v. Advance Terrazzo & Tile Co., Inc.*, 462 F.3d 1002, 1006 (8th Cir. 2006) (citation omitted). If the suits are parallel proceedings, the Court applies the *Wilton / Brillhart* standard. Alternatively, if the Related Action is not a parallel proceeding, the Court must apply the six-factor test identified in *Scottsdale Ins. Co. v. Detco. Indus., Inc.*, 426 F.3d 994, 998 (8th Cir. 2005), discussed further below. This test "address[es] whether abstention by the district court would be appropriate in a declaratory judgment action in which there are no parallel state court proceedings." *Advance Terrazzo*, 462 F.3d at 1006.

Parallel Proceedings

The Court finds that the Related Action does not constitute a parallel state court proceeding because it involves different parties litigating different issues. "Suits are parallel if substantially the same parties litigate substantially the same issues in different forums." *Arch Ins. Co. v. Parsons Transp. Grp., Inc.*, No. 4:19-CV-2718-SEP, 2020 WL 5642269, at *3 (E.D. Mo. Sept. 22, 2020) (quoting *Scottsdale*, 426 F.3d at 997); *see also Royal Indem. Co.*, 511 F.3d at 793 (internal quotations omitted) ("[F]or a district court to have discretion to abstain in a proceeding under the Declaratory Judgment Act, the parallel state court proceeding must present the same issues, not governed by federal law, between the same parties."). In *Scottsdale*, the Eighth Circuit "held that there were no parallel proceedings in state court because (1) the insurer was not a party to the suit pending in state court; and (ii) the state court actions involved issues regarding the insured's liability, whereas the federal suit involved matters of insurance coverage." *Advance Terrazzo*, 462 F.3d at 1006 (summarizing *Scottsdale* holding). Applying the same principles, the Eighth Circuit held in *Advance Terrazzo* that there was no parallel state court proceeding where the state court

4

action did not name the insurance companies as parties and dealt "with Advance Terrazzo's liability for the Fanjoys' injuries, but the declaratory judgment action deals with whether or not the insurance companies must provide coverage." *Id.*

The facts of this case are essentially identical to those of *Scottsdale* and *Advance Terrazzo*. First, State Farm is not a party to the Related Action. The only parties to that action are the Minors, Mr. Payne as next friend, and Mr. Boyer and Mrs. Payne as defendants. The Minors argue that the Related Action "involves substantially the same parties" and state in a footnote that "State Farm is not technically named a party in the [Related Action], but is still involved as the insurer of [Mr. Boyer and Mrs. Payne]." (Doc. 20 at 3). Directly on point Eighth Circuit precedent squarely contradicts this argument, which the Minors offer without any citation. In fact, it is precisely State Farm's argument in this case that it has no relevant obligations as insurer of Mr. Boyer and Mrs. Payne and accordingly need not participate in the Related Action.

Second, this case and the Related Action do not concern substantially the same issues. The Related Action seeks tort damages on behalf of the Minors against Mr. Boyer and Mrs. Payne. This case is an insurance coverage dispute brought by State Farm against an insured. State Farm reasonably seeks to obtain clarity regarding its potential obligation to defend or indemnify Mr. Boyer and Mrs. Payne, a contractual issue distinct from those individuals' tort liability. The Court also rejects the Minors' argument – again made without citation – that this case is moot if judgment is entered in favor of the defendants in the related action. Such argument ignores State Farm's potential obligation to defend its insured. "That the proceedings have overlapping factual and legal issues is insufficient to find that the suits are parallel." *Arch Ins. Co.*, 2020 WL 5642269, at *3. In

short, the Related Action is not parallel because it involves "parties, arguments, and issues different from those in the federal court proceedings." *Scottsdale*, 426 F.3d at 997.[4]

*Scottsdale* Factors

Where there is no parallel state court proceeding, federal courts have less discretion to abstain from exercising their jurisdiction. *Arch Ins. Co.*, 2020 WL 564269, at *3; *see also Nationwide Ins. Co. of America v. Naunheim*, No. 4:21-CV-899 JCH, 2021 WL 5630388, at *2 (E.D. Mo. Dec. 1, 2021) ("Where a declaratory action has some relation to an underlying state action but is not 'parallel' to it, the considerations of practicality and wise judicial administration that allow a district court greater discretion under *Wilton* are somewhat diminished."). In *Scottsdale*, the Eighth Circuit adopted a six-factor test to advise district courts in determining whether to exercise jurisdiction in such circumstances. The factors are:

> (1) whether the declaratory judgment sought will serve a useful purpose in clarifying and settling the legal relations in issue; (2) whether the declaratory judgment will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the federal proceeding; (3) the strength of the state's interest in having the issues raised in the federal declaratory judgment action decided in the state courts; (4) whether the issues raised in the federal action can more efficiently be resolved in the court in which the state action is pending; (5) whether permitting the federal action to go forward will result in unnecessary entanglement between the federal and state court systems, because of the presence of overlapping issues of fact or law; and (6) whether the declaratory judgment action is being used merely as a device for procedural fencing – that is, to provide another forum in a race for res judicata or to achieve a federal hearing in a case otherwise not removable. *Scottsdale*, 426 F.3d at 998 (internal quotations and citations omitted).

---

[4] The Court acknowledges that the actions may still be deemed parallel even though the Related Action was filed one month after this case. *See State Auto Prop. And Cas. Ins. Co. v. H&B Ventures, LLC*, No. No. 4:21-CV-1062 JCH, 2022 WL 970892, at *3 (E.D. Mo. Mar. 31, 2022) (finding cases parallel even where state court action filed after federal complaint seeking declaratory judgment). That the Related Action was filed second is not pertinent to this Court's determination that it does not constitutes a parallel proceeding.

These factors overwhelmingly favor this Court retaining jurisdiction. First, as discussed above, the declaratory judgment action serves a useful purpose as State Farm reasonably seeks to clarify its legal relations to its insured. Second, resolution of this action will provide all parties, including the Minors, greater certainty regarding the insurance controversy giving rise to this proceeding. As to the third, fourth, and fifth factors, the Court acknowledges that this case requires interpretation of an insurance contract, which is a matter of state law. But "Missouri state courts do not have a special interest in resolving routine contractual disputes, and issues of Missouri contract law are commonly before this Court." *Arch Ins. Co.*, 2020 WL 564269, at *3. The Minors have not offered any argument suggesting that this declaratory judgment action presents some novel or thorny issue of Missouri state law which would be inappropriate for consideration by a federal court. *Compare Advance Terrazzo*, 462 F.3d at 1007 (finding no strong state interest given existing precedent on underlying legal issue); *with Haverfield*, 218 F.3d at 875 (noting split in Missouri courts on issue underlying declaratory judgment action). The state court also "cannot resolve the issue of coverage any more efficiently than the federal court nor does federal action necessarily entangle the two court systems." *Advance Terrazzo*, 462 F.3d at 1007.

Finally, the Court considers whether this declaratory judgment action is merely being used as "procedural fencing." The Minors contend that they should be entitled to their choice of forum and allege that State Farm has "attempt[ed] to circumvent the state court action for what it perceives to be a better forum for insurance coverage." (Doc. 20 at 7). These allegations of improper procedural maneuvering are completely unsupported. Mr. Payne's counsel, on behalf of the Minors, made a claim against State Farm. (Doc. 1-2). On April 4, 2022, having not received any further correspondence from Mr. Payne's counsel, State Farm filed this action to clarify that it had no coverage obligation. (Doc. 1; Doc. 21 at 2-3). Meanwhile, the Minors did not file the

7

Related Action in Missouri state court until approximately one month later. The Court struggles to understand how State Farm's actions could plausibly constitute procedural fencing in such circumstances. Because the Related Action is not a parallel state court proceeding and the *Scottsdale* factors unequivocally support retaining jurisdiction, the Court will deny the Motion to Dismiss or Stay. (Doc. 19).

**III.   OTHER PENDING MOTIONS**

On May 13, 2022, Mr. Payne filed a Motion for Appointment as Next Friend (Doc. 11) and Application to Intervene. (Doc. 12). State Farm consents to the appointment of Mr. Payne as next friend but objects to his intervention. (Doc. 13). The Court considers State Farm's position reasonable. Per Fed. R. Civ. P. 17(c)(2), a minor without a duly appointed representative may sue by a next friend. No party opposes Mr. Payne's appointment as next friend, and the Court takes notice that Mr. Payne has been appointed as next friend in the Related Action. *See Higgins v. Deep Discounts LLC*, No. 4:18-CV-84-PLC, 2018 WL 4757969, at *3 (E.D. Mo. Oct. 2, 2018) (granting unopposed motion for appointment as next friend).

But Mr. Payne, the Minors' grandfather, has no distinct, personal interest in the subject matter of this litigation. Mr. Payne has not attempted to identify such a personal interest beyond his understandable desire to protect his grandchildren's interests. The Application to Intervene clearly seeks intervention purely so that Mr. Payne can protect the Minors' interests, which he is fully capable of doing as next friend. Because the Minors' interests are adequately protected by Mr. Payne as next friend, intervention under Fed. R. Civ. P. 24 is not appropriate. *See* Fed. R. Civ. P. 24(a)(2) (recognizing intervention as of right "unless existing parties adequately represent that interest"); *Postawko v. Mo. Dep't of Corr.*, No. 16-CV-4219-NKL, 2018 WL 548680, at *1 (W.D. Mo. Jan. 24, 2018) (denying intervention plaintiff's interests were adequately represented).

Accordingly,

**IT IS HEREBY ORDERED** that Mr. Payne's Motion for Appointment as Next Friend (Doc. 11) is **GRANTED** but the Application to Intervene (Doc. 12) is **DENIED**.

**IT IS FURTHER ORDERED** that the Mr. Payne's Motion to Dismiss or Stay (Doc. 19) is **DENIED**.

Dated this 12th day of July, 2022.

                                                */s/ John A. Ross*
                                                JOHN A. ROSS
                                                UNITED STATES DISTRICT JUDGES